# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**LLOYD HARRELL JR.,**
**Claimant Below, Petitioner**

**FILED**

November 6, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0534**        (BOR Appeal No. 2053783)
                              (Claim No. 2010113496)

**WHITE CONSTRUCTION, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Lloyd Harrell Jr., by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). White Construction, Inc., by Counsel Maureen Kowalski, filed a timely response.

The issue on appeal is medical treatment. On June 18, 2018, the claims administrator denied Mr. Harrell's request for authorization for Monovisc injections for his left and right knees. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision on December 21, 2018. This appeal arises from the Board of Review's Order dated May 8, 2019, which affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harrell sustained an injury to both knees on October 8, 2009, while working for White Construction, Inc., when a windmill blade overturned, striking his lower extremities. An MRI of both knees performed on November 20, 2009, revealed a left knee complex tear of the posterior horn of the medial meniscus, a larger linear horizontal tear throughout the anterior horn of the medial meniscus, bone edema in the tibia, joint effusion, and soft tissue swelling. The right knee study showed a tear of the posterior horn of the medial meniscus and joint effusion.

1

An Office of Judges Order dated February 24, 2010, held the claim compensable, but only for bilateral knee contusion. A separate Office of Judges Order dated March 14, 2011, added right and left meniscus tears as compensable conditions in the claim.

Mr. Harrell underwent a left knee arthroscopy performed by S. Brett Whitfield, M.D., on June 15, 2011. The post-operative diagnoses were left knee medial and lateral meniscal tears, Grade 4 chondral defect of the trochlea, Grade 4 chondromalacia of the lateral femoral condyle, and multiple cartilaginous loose bodies. A right knee arthroscopy was performed on September 7, 2011. The post-operative diagnoses for the right knee were complex tear of the posterior horn of the medial meniscus, small radial tear of the posterior horn of the medial meniscus, Grade 4 chondral loss of the trochlea, and small area of Grade 3 chondral changes in the patella.

Paul Bachwitt, M.D., performed an independent medical evaluation of Mr. Harrell on March 28, 2012. X-rays taken during the evaluation revealed degenerative changes in both knees related to weight and age. Dr. Bachwitt found that Mr. Harrell had reached his maximum degree of medical improvement. Combining his left and right knee impairments, Dr. Bachwitt found a total of 5% whole person impairment for the compensable injury of October 8, 2009. By claims administrator Order dated September 21, 2012, Mr. Harrell was granted a 5% permanent partial disability award based upon Dr. Bachwitt's recommendation. The claims administrator granted Mr. Harrell an additional 3% permanent partial disability award above and beyond the 5% previously granted on July 1, 2013. The Order indicated that he had sustained a total of 8% whole person impairment.

On September 21, 2017, Mr. Harrell returned to Dr. Whitfield with complaints of pain in both knees. Dr. Whitfield noted that he had been seen in the past for significant arthritic changes within the medial and patellofemoral compartment of both knees, with the left knee slightly worse than the right. It was also noted that he had microfracture performed on both knees, as well as surgery. Dr. Whitfield stated that Mr. Harrell had most recently had treatment with Monovisc and responded well to the treatment. Because Mr. Harrell reported that his pain was inhibiting his ability to perform daily activities, Dr. Whitfield discussed seeking authorization for Monovisc injections. On June 18, 2018, the claims administrator entered an Order denying Dr. Whitfield's request for Monovisc injections of both knees. The Order stated that the requested treatment was not medically necessary or reasonably required for treatment of a compensable condition in the claim. Mr. Harrell protested the claims administrator's decision.

In an addendum report of May 2, 2018, Dr. Bachwitt stated that x-rays of Mr. Harrell's knees on October 8, 2009, showed osteophytic lipping at the patellofemoral and tibiofemoral joints of the left knee. Dr. Bachwitt outlined a history of knee sprains on April 13, 1998, left knee pain and swelling with no known trauma on August 6, 2009, and diagnoses of left knee bursitis and gout. Dr. Bachwitt opined that the degenerative changes in Mr. Harrell's knees pre-existed the compensable injury of October 8, 2009. Dr. Bachwitt found 8% whole person impairment for the compensable injury.

Dr. Bachwitt re-examined Mr. Harrell on September 25, 2018. Mr. Harrell complained subjectively that both knees pop, catch, and stay swollen. He reported that he had fallen several

times because he was not stable. Dr. Bachwitt opined that while Monovisc injections were a reasonable treatment option, he did not believe they would substantially help the severe degenerative arthritis in Mr. Harrell's left knee. He further opined that the injections were related to Mr. Harrell's pre-existing arthritis in both knees and should be paid for by his private health insurance.

On December 21, 2018, the Office of Judges affirmed the claims administrator's decision denying authorization for Monovisc injections. The Office of Judges concluded that the weight of the evidence establishes that the requested treatment is not reasonably required for treatment of Mr. Harrell's compensable injury. The Office of Judges noted that the claim is only compensable for bilateral knee contusions and right and left meniscus tears. Relying on Dr. Bachwitt's opinion, the Office of Judges concluded that Mr. Harrell does not require any further medical treatment, including Monovisc injections, in relation to his compensable injury of October 8, 2009. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on May 8, 2019.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The record contains no reliable medical evidence to refute Dr. Bachwitt's finding that Mr. Harrell's bilateral knee osteoarthritis is pre-existing and unrelated to the compensable injury in the claim. Dr. Bachwitt has stated that no further treatment is necessary in regard to the compensable injury. Accordingly, Mr. Harrell has failed to establish that the requested Monovisc injections are reasonably required for treatment of his compensable October 8, 2009, injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 6, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALFIED:**
Justice John A. Hutchison

3